Oahuthers, J.,
delivered the opinion of the Court.
The only question in this case is, can an infant be a prosecutor? The indictment was for obstructing a public road; a plea in abatement was filed, setting up the minority of the prosecutor, a demurrer to which was overruled by the Court, and judgment given for the defendant.
By the act of 1801, ch. 30, no indictment could be preferred to the grand jury without a prosecutor, but to this, various exceptions were afterwards made by the Legislature; these, by the last act, the Code, amount to twenty-one. Sec. 5097. But the case of obstructing roads is not one of them, and still requires a competent prosecutor. So if a minor cannot prosecute, the judgment must be affirmed. This question has not before come up for adjudication.
It was held, in Moyers v. The State, 11 Hum., 41, that a feme covert could not be a prosecutrix. The reason assigned was, that she was not liable for costs in case the prosecution were “frivolous or malicious,” as provided by act of 1794, ch. 1, sec. 76, nor amenable to the defendant for false imprisonment or malicious prosecution. It is insisted, that the same reasons apply to a minor, and render him incompetent to prosecute. But is this so? We think not. He is liable for costs, *393 and for trespass and torts. Beasley v. The State, 2 Yer., 481, and authorities there cited.
If then he is excluded from the right to prosecute, it is not upon the reason applicable to a married woman. As a new and open question much may be said on both sides. The considerations presented by the defendant’s counsel, on the ground of policy are entitled to much weight. They have reference, Loth t© his own safety, and the danger to others and the public by the presumed want of discretion and judgment in an infant. But on the other hand, as contended with great force by the Attorney General, he, more than those of mature age, needs the protection afforded by the criminal laws, for the security of his rights, both of person and property. Why should he not be allowed to call into action the power of the State to avenge his wrongs, or protect his rights, as well as others, being responsible, as well as they, for the abuse of the privilege?
As to any danger to himself or others, or to the State, that would be avoided generally by the supervision of the Attorney General and the Court.
Not being deprived of this common right to prosecute offenders, by any statute or decision, or public policy, we do not feel authorized or inclined to add this to the long list of the recognized disabilities of infancy.
The judgment will be reversed, the demurrer to the plea sustained, and the cause remanded for trial.